Clifford P. Bendau, II (030204)
THE BENDAU LAW FIRM PLLC
6350 East Thomas Road, Suite 330
Scottsdale, Arizona 85251
Telephone: (480) 296-7887
Facsimile: (480) 429-3679
Email: cliffordbendau@bendaulaw.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Philip Todd, | No. _____ |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| American Multi-Cinema Inc., d/b/a AMC Theatres Esplanade 14 | |
| Defendant. | |

COMES NOW the Plaintiff, Philip Todd ("Plaintiff"), individually, by and through the undersigned attorney and sues the Defendant, American Mult-Cinema, Inc. d/b/a AMC Theatres Esplanade 14 ("Defendant"), and alleges as follows:

1.      At all material times hereto, Plaintiff is an individual residing in Maricopa County, Arizona.

2.      At all material times hereto, Defendant was a corporation duly licensed to transact business in the State of Arizona. Defendant does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, AZ.

3.      Plaintiff had been an hourly employee for Defendant in Phoenix, Arizona for approximately two years, seven months. Plaintiff was hired on or about approximately

-1-

August 1, 2011 and ceased employment with Defendant on or about approximately March 31, 2014.

4.    Plaintiff is a covered employee within the meaning of the Fair Labor Standards Act ("FLSA").

## JURISDICTION AND VENUE

5.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 29 U.S.C. § 201, *et seq.*

6.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within this judicial district, and Defendant regularly conducts business in and has engaged in the wrongful conduct alleged herein – and, thus, is subject to personal jurisdiction in – this judicial district.

## BACKGROUND

7.    The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys., Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay their employees a minimum wage. See 29 U.S.C. § 206(a) [Section "206(a)"]. The FLSA's definition of the term "wage," in turn, recognizes that under certain circumstances, an employer of tipped employees may credit a portion of its employees' tips against its minimum wage obligation, a practice commonly referred to as taking a "tip credit." See id. § 203(m).

## NATURE OF THE CLAIM

8.    Defendant owns and/or operates American Multi-Cinema Inc. d/b/a AMC Theatres Esplanade 14, a movie theater, restaurant, and bar located in Phoenix, Arizona.

9.    Plaintiff was employed as a server by Defendant, and was a Tipped employee as defined by the FLSA at 29 U.S.C. § 203, from approximately on or about August 1, 2011 through approximately on or about March 31, 2014.

10.    Rather than pay its tipped employees the applicable State minimum wage, for the time Plaintiff was paid an hourly wage, Defendant imposed a tip credit upon Plaintiff at below the applicable minimum wage.

11.    As a result of Defendant's imposition of a tip credit, Plaintiff was forced to perform minimum wage work at an hourly rate that was less than minimum wage.

12.    In addition to tipped work, Defendants regularly and consistently required Plaintiff to perform non-tipped labor related to Plaintiff's tipped occupation in excess of twenty percent (20%) of shift times for which Plaintiff was paid at the reduced tip credit rate, in willful violation of the FLSA.

13.    In addition to tipped work, Defendants regularly and consistently required Plaintiff to perform non-tipped labor unrelated to Plaintiff's tipped occupation for which Plaintiff was paid at the reduced tip credit rate, in willful violation of the FLSA

14.    As a result, Plaintiff is entitled to at least the applicable minimum wage for such time worked, without applying the tip credit.

15.    Defendant, individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

16.    Plaintiff's wages were dependent on how Plaintiff was classified as employees, not on the job(s) performed at the direct of defendant.

17.    Plaintiff, in Plaintiff's work for Defendant, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

18.    Although at this stage, Plaintiff is unable to state the exact amount owed, Plaintiff believes that such information will become available during the course of discovery. However, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

## COUNT I
## FAIR LABOR STANDARDS ACT: MINIMUM WAGE

COMES NOW, Plaintiff, Philip Todd, individually, stating:

19.    At all relevant times, Defendant has been and continues to be an employer engaged in commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

20.    At all relevant times, Defendant employed Plaintiff within the meaning of the FLSA.

21.    Plaintiff brings this action as a former hourly employee of Defendant, who willfully refused to pay a wage to Plaintiff during Plaintiff's employment.

22.    For time spent during Plaintiff's employment, Defendant took a "tip credit" from Plaintiff's wages. Thus, Defendant paid Plaintiff at a rate less than the applicable minimum wage.

23.    In addition to tipped work, Defendant regularly and consistently required Plaintiff to perform non-tipped labor related to Plaintiff's tipped occupation in excess of twenty percent (20%) of shift times for which Plaintiff was paid at the reduced tip credit rate.

24. Examples of such non-tipped labor include, but are not limited to: preparatory and workplace maintenance tasks such as maintaining "backups," restocking supplies, stocking ice, stocking food/condiments, brewing tea, brewing coffee, running food to tables for other servers, wiping down/washing trays, stocking lemonade mix, cleaning soft drink dispenser nozzles, replacing syrup for the soda machine, stocking to-go supplies, cutting/stocking lemons, washing plates/glasses/silverware, polishing glassware, and lining baskets.

25. In both policy and practice, Defendant regularly and consistently required Plaintiff to perform such non-tipped labor related to Plaintiff's tipped occupation in excess of twenty percent (20%) of Plaintiff's shift times before, during, and after scheduled shifts; while Plaintiff had few or no customers to serve; before serving Plaintiff's first customer; after being "cut" from serving Plaintiff's last customer; before the theater was open to customers; after the theater was closed to customers; and between lunch and dinner shifts. As such, full minimum wage for such time is owed to Plaintiff.

26. Defendant knew that – or acted with reckless disregard as to whether – its failure to pay Plaintiff the full minimum wage for time spent performing such non-tipped labor, without applying the tip credit, would violate federal and state law, and Defendant was aware of the FLSA minimum wage requirements during Plaintiff's. As such, Defendant's conduct constitutes a willful violation of the FLSA.

27. Defendant has and continues to willfully violate the FLSA by not paying Plaintiff a wage equal to or greater than minimum wage for time spent performing such non-tipped labor related to Plaintiff's tipped occupation in excess of twenty percent (20%).

28. Defendant individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

29. Plaintiff's wages were dependent on how Plaintiff was classified as an employee, not on the job(s) performed at the direction of Defendant.

30. Plaintiff is therefore entitled to compensation for the difference between wages paid and Arizona's minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Philip Todd, individually, requests that this Court enter Judgment against Defendant, American Multi-Cinema, Inc. d/b/a AMC Theatres Esplanade 14, for the difference between wages paid and Arizona's minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorney fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

### COUNT II
### FAIR LABOR STANDARDS ACT: MINIMUM WAGE

31. At all relevant times, Defendant has been and continues to be an employer engaged in commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

32. At all relevant times, Defendant employed Plaintiff within the meaning of the FLSA.

33. Plaintiff brings this action as a former hourly employee of Defendant, who willfully refused to pay a wage to Plaintiff during Plaintiff's employment.

-6-

34. For time spent during Plaintiff's employment, Defendants took a "tip credit" from Plaintiff's wages. Thus, Defendant paid Plaintiff at a rate less than the applicable minimum wage.

35. In addition to tipped work, Defendant regularly and consistently required Plaintiff to perform non-tipped labor unrelated to Plaintiff's tipped occupation for which Plaintiff was paid at the reduced tip credit rate.

36. Examples of non-tipped, "dual occupation," labor, unrelated to Plaintiff's tipped occupation, which Plaintiff performed, include, but are not limited to: taking out trash, scrubbing walls, sweeping floors, scrubbing floors, deep cleaning floors, mopping floors, and dusting.

37. In both policy and practice, Defendant regularly and consistently required Plaintiff to perform such non-tipped labor unrelated to Plaintiff's tipped occupation before, during, and after scheduled shifts; while Plaintiff had few or no customers to serve; before serving Plaintiff's first customer; after being "cut" from serving Plaintiff's last customer; before the theater was open to customers; after the theater was closed to customers; and between lunch and dinner shifts. As such, full minimum wage for such time is owed to Plaintiff.

38. Defendant knew that – or acted with reckless disregard as to whether – its failure to pay Plaintiff the full minimum wage for time spent performing such non-tipped labor, without applying the tip credit, would violate federal and state law, and Defendant was aware of the FLSA minimum wage requirements during Plaintiff's employment. As such, Defendant's conduct constitutes a willful violation of the FLSA.

39.     Defendant has and continues to willfully violate the FLSA by not paying Plaintiff a wage equal to or greater than minimum wage for time spent performing non-tipped labor unrelated to Plaintiff's tipped occupation.

40.     Defendant individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

41.     Plaintiff's wages were dependent on how Plaintiff was classified as an employee, not on the job(s) performed at the direction of Defendant.

42.     Plaintiff is therefore entitled to compensation for the difference between wages paid and Arizona's minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Philip Todd, individually, requests that this Court enter Judgment against Defendant, American Multi-Cinema Inc. d/b/a AMC Theatres Esplanade 14, for the difference between wages paid and Arizona's minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorney fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.


RESPECTFULLY SUBMITTED this 4th Day of June, 2014.

THE BENDAU LAW FIRM, PLLC


By: /s/ Clifford P. Bendau, II
Clifford P. Bendau, II
Attorney for Plaintiff


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the Court via CM/ECF system on this 4th Day of June, 2014, which will send notice of electronic filing to the following CM/ECF registrants:


Tracy A. Miller
Alexandra Gill
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 E. Camelback Rd., Ste. 800
Phoenix, AZ 85016
*Counsel for Defendant*

By: /s/ Clifford P. Bendau, II
Clifford P. Bendau, II
Attorney for Plaintiff